UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL MUNOZ, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>WATSONVILLE COMMUNITY HOSPITAL, et al.,<br><br>        Defendants. | Case No. 15-cv-00932-BLF<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ABSTENTION AND FRCP 12(B)(6) MOTION FOR DISMISSAL; AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**<br><br>[Re: ECF 52, 57] |

Defendants' motions to dismiss and to strike were heard on May 19, 2016. ECF 68. The Court has considered the parties' briefing and oral argument presented at the hearing. For the reasons stated on the record and below, the Court GRANTS WITH LEAVE TO AMEND IN PART AND DENIES IN PART Defendants' motion to dismiss and GRANTS IN PART AND DENIES IN PART Defendants' motion to strike.

Plaintiffs' EMTALA claims regarding a failure to stabilize and improper transfer of patient (claims 1 and 2) are similar and the Court addresses them together. Plaintiffs allege that Defendants identified an emergency medical condition or conditions but failed to stabilize Ms. Karina Munoz before discharging her. The thrust of Plaintiffs allegations is that Defendants inappropriately administered Haldol (a psychotropic drug) to Ms. Munoz instead of treating her abdominal pain. *See, e.g.* First Am. Compl. ¶ 35, ECF 49. However, Plaintiffs never allege that Defendants did not diagnose Ms. Munoz with a mental condition. EMTALA requires hospitals to conduct an examination that is "reasonably calculated to identify the patient's critical medical condition." *Hoffman v. Tonnemacher*, 425 F. Supp. 2d 1120, 1130 (E.D. Cal. 2006). If a hospital

performs that examination and detects an emergency medical condition, it must stabilize the emergency medical condition detected. However, EMTALA does not impose liability on a hospital that performs an appropriate examination but misdiagnoses the emergency medical condition. *Bryant v. Adventist Health Systems/West*, 289 F.3d 1162, 1165 (9th Cir. 2002) ("To restate our ruling in *Jackson,* we hold that a hospital does not violate EMTALA if it fails to detect or if it misdiagnoses an emergency condition. An individual who receives substandard medical care may pursue medical malpractice remedies under state law."). Here, Plaintiffs' allegations, that Defendants administered Haldol, appear to rest on the allegation that Defendants misdiagnosed Ms. Munoz. If so, that would not be actionable under EMTALA. In order to state a claim for failure to stabilize and improper transfer, Plaintiffs must sufficiently allege that Defendants did not perform an examination reasonably calculated to identify patient's emergency medical condition and/or administered treatment that was not appropriate for the diagnosed medical condition.

Next, as to Plaintiffs' strict liability for disparate and inappropriate medical screening claim under EMTALA (claim 3), Plaintiffs' allegations reflect a malpractice cause of action as opposed to a cause of action for disparate treatment. EMTALA protects an individual from receiving a screening different from other individuals presenting with the same or similar conditions at that hospital. As the Southern District of California stated:

> [A] hospital satisfies EMTALA's 'appropriate medical screening' requirement if it provides a patient with an examination comparable to the one offered to other patients presenting similar symptoms, unless the examination is so cursory that it is not 'designed to identify acute and severe symptoms that alert the physician of the need for immediate medical attention to prevent serious bodily injury. [F]aulty screening, in a particular case, as opposed to disparate screening or refusing to screen at all, does not contravene the statute. In short, EMTALA is an equal access statute that imposes no quality of care standards on hospitals.

*Moore v. Tri-City Hosp. Foundation*, Case No. 13-cv-0341-JLS(MDD), 2013 WL 2456027, at *2 (S.D. Cal. June 6, 2013) (internal citations and quotations omitted); *see also Jackson v. East Bay Hosp.*, 246 F.3d 1248, 1256 (9th Cir. 2001). Here, Plaintiffs' allegations appear to reflect their belief that Ms. Munoz was not given a screening required by the appropriate medical standard of

care as judged by the medical profession. But under EMTALA's disparate treatment standard, the measuring stick is not the appropriate medical standard of care but rather, what treatment other patients presenting with the same conditions would have received at Watsonville Community Hospital. Watsonville may have given a substandard treatment to all patients presenting with Ms. Munoz's conditions and as long Watsonville gave that treatment equally to everyone, that substandard treatment is not actionable for disparate treatment under EMTALA. *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1258 (9th Cir. 1995) ("[T]he test is whether the challenged procedure was identical to that provided similarly situated patients, as opposed to whether the procedure was adequate as judged by the medical profession."). Here, Plaintiffs' complaint is devoid of any allegations regarding the treatment Watsonville gave to others presenting with Ms. Munoz's condition and simply states in a conclusory manner that she was provided with disparate treatment. Such allegations are not sufficient to state a claim for disparate treatment under EMTALA.

Turning to Defendants' *Colorado River* abstention argument, the Court finds that *Colorado River* abstention does not apply. "The Ninth Circuit has stated that a dispositive factor against stay or dismissal in the *Colorado River* analysis is the existence of a substantial doubt as to whether the state proceedings will resolve the federal action." *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1021 (N.D. Cal. 2008). Here, Plaintiffs' federal case presents issues similar to those asserted in the state court case but if Plaintiffs can state a viable EMTALA claim, the state proceedings will not resolve the federal action proceedings. As the Court has explained, EMTALA differs from medical malpractice. Thus, the Court finds that there is substantial doubt as to whether the state court proceedings will resolve all the issues presented in Plaintiffs' federal case.

Accordingly, the Court GRANTS WITH LEAVE TO AMEND Defendants' motion to dismiss Plaintiffs' EMTALA claims and DENIES Defendants' motion to dismiss under *Colorado River*.

Next, the Court addresses Defendants' motion to strike. As to Plaintiffs' allegations and prayer for punitive damages, the Court finds that they are sufficiently alleged and supported. *See Jackson v. East Bay Hosp.*, 980 F. Supp. 1341, 1354 (9th Cir. 1997). Next, with respect to the

MICRA cap, the Court cannot determine at this stage in the proceedings whether the MICRA cap applies; depending on how this case progresses, the MICRA cap may or may not apply. Third, with respect to Plaintiff's prayer for discovery of peer review materials, Plaintiff agreed to withdraw that request for relief during the hearing.  Fourth, the Court will not strike Plaintiffs' addition of Community Health Systems Inc. as a Defendant.  Although the addition of a party was technically outside the scope of the Court's prior order giving leave to amend, in the interest of judicial economy, the Court sees no benefit in striking Community Health Systems and requiring Plaintiffs to make a motion for leave to amend.  Accordingly, the Court GRANTS Defendants' motion to strike Plaintiffs' prayer for peer review materials and DENIES the remainder of Defendants' motion to strike.

IT IS HEREBY ORDERED:

1. Any amended complaint must be filed **on or before** August 17, 2016.
2. Plaintiffs may not add new claims or parties absent a stipulation or a motion for leave to amend.
3. The Court STAYS discovery until there is an operative pleading.

Dated: June 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge