UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RAFAEL MUNOZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WATSONVILLE COMMUNITY HOSPITAL, et al.,<br><br>    Defendants. | Case No. 15-cv-00932-BLF<br><br>**ORDER DENYING MOTION FOR SUBSEQUENT CASE MANAGEMENT CONFERENCE AND PETITION TO CONFIRM GUARDIAN AD LITEM**<br><br>[Re: ECF 82] |

Plaintiff Rafael Munoz filed this suit on February 27, 2015 against Defendant Watsonville Community Hospital ("WCH"), alleging violation of the Emergency Treatment and Active Labor Act ("EMTALA"). Compl., ECF 1. After a number of motions to dismiss and motions to strike, Plaintiff has now filed a second amended complaint against WCH and Community Health Systems, Incorporated. Second Am. Compl., ECF 70. Before the Court is Plaintiff's motion for an order for a subsequent case management conference and for confirmation of Plaintiff Rafael Munoz as guardian ad litem for Plaintiff J.M., a minor. Mot. 1, ECF 82.

In support of the motion for an order for a subsequent case management, Plaintiff requests that a new case management order be issued with new dates to provide additional time for discovery. Plaintiff claims that more time is needed because discovery has been stayed and he is unprepared for the upcoming dispositive motion, currently scheduled to be heard on October 5, 2017. Mot. 3; Ord. Staying Discovery, ECF 69; Scheduling Order, ECF 67. The Court does not conduct further case management conference on this ground and thus DENIES the motion for a subsequent case management conference. However, the Court ORDERS the parties to meet and confer to come to an agreement on a proposed new schedule. The Court further ORDERS the parties to file the joint stipulation of the proposed schedule by January 3, 2017.

The Court now turns to the request to confirm Mr. Rafael Munoz as guardian ad litem for Plaintiff J.M. When a minor is a litigant, "[t]he Court has a duty to ensure that [the] minor's interest[s] are protected." *Brown v. Alexander*, No. 13-CV-01451-RS, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015) (citing Fed. R. Civ. P. 17(c)). "A guardian ad litem is like the minor's agent whose purpose is to protect the minor's interests in the litigation. While a guardian ad litem 'may make tactical and even fundamental decisions affecting the litigation,' he or she must make those decisions 'always with the interest of the guardian's charge in mind.'" *Id.* (quoting *Williams v. Superior Court*, 147 Cal. App. 4th 36, 47 (2007)).

In support of the petition to appoint Mr. Munoz as guardian ad litem, no declaration has been provided, other than attorney argument in the motion that Mr. Munoz has no conflict of interest. Mot. 3. Plaintiff has also failed to provide a statement of consent and a statement establishing a legal right to serve as guardian ad litem. The Court finds this record insufficient to ensure that J.M.'s interests are protected. Accordingly, the Court DENIES the petition without prejudice.

The petition to appoint Mr. Munoz as guardian ad litem may be renewed, accompanied by a declaration establishing Mr. Munoz's legal right to serve as guardian ad litem for J.M., his consent to serve as guardian ad litem, and that no actual or potential conflict of interest exists between Mr. Munoz and J.M.

**IT IS SO ORDERED.**

Dated: December 8, 2016

_____
BETH LABSON FREEMAN
United States District Judge